FILED
U.S. DISTRICT COURT

2009 JUN 19 P 3: 59

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

Graden P. Jackson, #8607
Jeffery J. Owens, #10973
STRONG & HANNI
3 Triad Center, Suite 500
Salt Lake City, Utah 84180
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT,

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MONA VIE, INC., a Utah corporation<br><br>Plaintiff,<br><br>v.<br><br>EXFUZE, LLP, a Florida limited partnership,<br><br>Defendant. | **COMPLAINT<br>AND<br>JURY DEMAND**<br><br>Case: 2:09cv00555<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 6/19/2009<br>Description: Mona Vie v. Exfuze |

Plaintiff Mona Vie, Inc. ("Mona Vie"), by and through counsel Strong and Hanni law firm hereby complains of Defendant Exfuze, LLP ("Exfuze") as follows:

### PARTIES

1.    Mona Vie is a properly organized and currently existing Utah corporation with its principal place of business in South Jordan, Utah.

2.    Exfuze purports to be a Florida limited partnership with an apparent principal place of business in North Palm Beach, Florida.

**JURISDICTION AND VENUE**

3.    This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., and related

state law and is to recover damages and costs of suit, including reasonable attorneys' fees.

4.    This Court has federal question jurisdiction of this action under 28 U.S.C. §§1331

and 1338, and pendant and ancillary jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367.

5.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c).

**GENERAL ALLEGATIONS**

6.    Mona Vie is a Utah company which manufactures, distributes, markets, and sells

a line of branded nutritional juice products on an international geographic scope.

7.    Mona Vie has developed and uses a proprietary blend of ingredients in its line of

nutritional juice products that prominently includes, among other ingredients, the açai berry (the

"Products").

8.    Mona Vie has acquired and markets its nutritional juice products under the

trademark Mona · Vie™ (the "Trademark").

9.    In addition to acquisition and use of the Trademark, Mona Vie has created a

unique product design and package for its Products, which features a tall, dark-colored,

cylindrical bottle with a long, slender neck, a green or purple wrap at the top of the bottle neck,

and the Trademark prominently displayed across the middle of the bottle with the phrase "the

premier açai blend" displayed directly below.

10.     Since the beginning of 2005, Mona Vie has invested considerable time, resources, and artistic talent into creating the Product design and packaging and dedicated substantial efforts and amounts of money to promote and advertise its Products.

11.     As a result of these ongoing efforts, through Mona Vie's careful branding and marketing strategies, and through its unique product configuration, Mona · Vie™ nutritional juice has quickly become recognized by consumers, distributors, and the public as a distinct and recognizable product of Mona Vie.

12.     Both the Trademark and Product configuration are used in promoting, marketing, distributing, and selling the Mona Vie branded beverage in interstate commerce.

13.     Defendant manufactures, markets, promotes, distributes, and sells a nutritional juice called "Seven."

14.     Seven directly competes with the Products.

15.     Defendant markets, promotes, distributes and sells Seven in interstate commerce.

16.     Seven's design and packaging is substantially similar to that of the Products because, among other things, Seven is advertised and offered for sale in a tall, dark-colored bottle with a long, slender neck, a predominately green wrap at the top of the bottle neck with the word "açai," among others, prominently displayed directly below.

17.     Defendant intentionally uses a substantially similar product and package configuration and appearance as that of the Products in a conscious effort to confuse consumers into believing that Seven is somehow related to the Products.

18.    Defendant's conduct identified in the immediately preceding paragraph constitutes an improper effort to palm off its product as somehow associated with the Products and to unfairly profit of the goodwill and brand recognition of the Products that Mona Vie has established through financial and other efforts.

19.    Defendant is not a licensee of, or in any way affiliated, connected, or associated with Mona Vie, and does not have Mona Vie's consent to use the Mona · Vie™ trademark, trade dress, or anything confusingly similar therewith.

20.    Defendant does not have Mona Vie's consent to use the Trademark, the Product trade dress, or anything likely to cause confusion in the minds of the consumers as to the source of Seven and the Products.

21.    Defendant's use of a substantially similar overall appearance and packaging configuration in connection with the advertisement and sale of Seven creates a likelihood of confusion, mistake, and deception to actual and potential purchasers and consumers of Products and in the nutritional beverage market as a whole.

## FIRST CAUSE OF ACTION
### (Federal Trade Dress Infringement – 15 U.S.C. § 1125(a))

22.    Mona Vie incorporates by reference each of the foregoing allegations of this Complaint and realleges them here.

23.    The packaging and trade dress of the Products used by Mona Vie is inherently distinctive and/ or has acquired secondary meaning in the marketplace through which it has

become associated with Mona Vie in the minds of the said product's purchasers, consumers, and the nutritional beverage market as a whole.

24.     The packaging and trade dress of the Products used by Mona Vie is not functional.

25.     Defendant's infringing use of substantially similar trade dress has caused and continues to cause confusion, mistake, and deceit among purchasers and consumers as to the origin, sponsorship, and approval of Seven and the Products.

26.     Among other things, Defendant's conduct in its marketing of Seven is likely to mislead purchasers and consumers into believing that the Seven is somehow affiliated with Mona Vie, or otherwise approved, sponsored by, or authorized by Mona Vie.

27.     Mona Vie is irreparably harmed by Defendant's conduct and Mona Vie is entitled to preliminary and permanent injunctive relief enjoining Defendant and its officers, agents, and employees form further acts of infringing behavior.

28.     Defendant has acted willfully with malice, and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendant is liable to Mona Vie for punitive and exemplary damages.

## SECOND CAUSE OF ACTION
### (Unfair or Deceptive trade Practices – Utah Code Ann. § 13-11a-3)

29.     Mona Vie incorporates by reference each of the foregoing allegations of this Complaint and realleges them here.

30.    The Products' package designs are unique, proprietary and creative in nature, and are the product of the original work and investment of Mona Vie's creative team.

31.    Mona Vie has invested significant time, resources, and effort into developing the Product's packaging, which is widely recognized by purchasers, consumers and distributors within the nutritional beverage market.

32.    Mona Vie has engaged in extensive promotion of the Products through local, national, and international advertising, which has resulted in substantial public brand recognition and goodwill.

33.    Defendant has violated the provisions of Utah Code Ann. § 13-11a-3 by deceptively causing confusion or misunderstanding as to the source, sponsorship, approval of and association with Seven and the Products.

34.    These deceptive trade practices identified in the immediately preceding paragraph are the result of Defendant's adoption, use, display and manipulation of the confusingly similar trade dress of Seven.

35.    Mona Vie has been, and continues to be, irreparably harmed by Defendant's conduct, which is undermining the business goodwill and reputation of Mona Vie and is entitled to preliminary and permanent injunctive relief enjoining its officers, agents, and employees form engaging in unfair or deceptive trade practices.

36.    In committing these acts, Defendant has acted willfully with malice and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendant is liable to Moan Vie for punitive and exemplary damages.

### THIRD CAUSE OF ACTION
### (Common Law Unfair Competition)

37.    Mona Vie incorporates by reference each of the foregoing allegations of this Complaint and realleges them here.

38.    Defendant has intentionally, knowingly, and unfairly competed with Moan Vie by among other things:

    a.    Producing, offering, and marketing, in competition with Mona Vie, a açai-based nutritional beverage using a confusingly similar trade dress; and

    b.    Creating in the minds of Mona Vie purchasers, consumers, distributors, and the general public the impression that Seven is connected or associated with Mona Vie.

39.    Defendant's above mentioned acts have enabled it to reap undeserved credibility and monetary gain and have enabled it to compete unfairly with Mona Vie.

40.    As a proximate result of these acts of Defendant, Mona Vie has suffered and will continue to suffer, irreparable injury, as well as money damages in an amount to be determined at trial.

41.    Unless enjoined by this court, the foregoing conduct of Defendants will continue, and Mona Vie will continue to suffer great and irreparable injury.

42.    In doing these acts, Defendants acted willfully with malice and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendants are liable to Mona Vie for punitive and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Mona Vie demands judgment against Defendant as follows:

1.      For preliminary and permanent injunctive relief prohibiting Defendant, its servants, agents, employees, attorneys and those persons acting in concert or participation with it from:

      a.      Infringing on the trade dress of Mona · Vie™ nutritional juice product; and

      b.      Engaging in further acts of unfair competition or deceptive trade practices.

2.      For preliminary and permanent injunctive relief requiring Defendant to immediately recall all infringing products not yet in the hand of consumers and to account for all infringing products supplied to consumers.

3.      For an order requiring Defendant to account for and pay over to Mona Vie all gains, profits, and advantages derived by Defendant's acts of unfair competition, deceptive trade practices, and trade dress infringement.

4.      For an award of three times Mona Vie's actual damages.

5.      For an order pursuant to 15 U.S.C § 1118 that all infringing labels, signs, prints, packages, wrappers, receptacles, articles of merchandise, displays, brochures, order forms, price lists, catalogs, and advertisements in the possession or control of Defendant be recalled from the market and delivered to Mona Vie for destruction.

6.      For reasonable attorney's fees and costs incurred in prosecuting this action.

7.      For punitive and exemplary damages.

8.      For interest as provided by law.

9.      For such further relief as the Court may deem proper.

## JURY DEMAND

Mona Vie demands a trial by jury and had tendered the required jury fee to the Clerk of

the Court.


DATED this 18th day of June, 2009.

STRONG & HANNI


Graden P. Jackson
Jeffery J. Owens
*Attorneys for Plaintiff*

Plaintiff's address:
10855 S. River Front Parkway
South Jordan, Utah  84095